# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUE THAO, | CV F 03-6275 AWI DLB HC |
| Petitioner, | ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DENYING PETITION FOR WRIT OF HABEAS CORPUS, AND DIRECTING CLERK OF COURT TO ENTER JUDGMENT IN FAVOR OF RESPONDENT |
| v. | |
| GAIL LEWIS, | [Doc. 22] |
| Respondents. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On April 29, 2005, the Magistrate Judge issued Findings and Recommendation that the Petition for Writ of Habeas Corpus be DENIED. These Findings and Recommendations were served on all parties and contained notice that any objections were to be filed within thirty (30) days of the date of service of the order.

After the Magistrate Judge granted addition time in which to file objections, Petitioner filed objections to the Findings and Recommendations on July 5, 2005.

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(C), this Court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, including Petitioner's objections, the Court concludes that the Magistrate Judge's Findings and Recommendation is supported by the record and proper analysis. Petitioner's objections present no grounds for questioning the Magistrate Judge's analysis.

1    In the objections, Petitioner appears to contend that his plea was not knowing and voluntary because he thought he would only be sentenced to ten years.  In related claims, Petitioner contends that his trial counsel was ineffective for not properly advising him about his sentence and the interpreter told him he would receive only ten years.   To satisfy the Constitution, a guilty plea must be voluntary and intelligent. See e.g., Hill v. Lockhart, 474 U.S. 52, 56 (1985); Boykin v. Alabama, 395 U.S. 238, 242 (1969).  A plea is voluntary and intelligent only if the defendant is fully aware of the direct consequences of his plea of guilty. Torrey v. Estelle, 842 F.2d 234, 235 (9th Cir.1988).  Here, the trial transcript indicates that Petitioner was advised that the would receive a minimum of 20 years and four months and a maximum of 35 years.  Petitioner stated on the record that he understood this potential sentence. "Solemn declarations in open court carry a strong presumption of verity."  Chizen v. Hunter, 809 F.2d 560, 562 (9th Cir.1986).  While Petitioner challenges the veracity of the transcript, as cited by the Magistrate Judge, the evidence in the case contains declarations from the prosecutor, defense attorney, and the interpreter.   All these individuals confirm that Petitioner was advised about the potential consequences of his plea as reflected in the transcript.   Given the overwhelming evidence indicating Petitioner was informed about the minimum and maximum sentence, the court declines to adopt Petitioner's assertion that no one told him he would receive more than ten years. For this reason, Petitioner's claims fail.

Accordingly, IT IS HEREBY ORDERED that:

1.   The Findings and Recommendations issued April 29, 2005, is ADOPTED IN FULL;

2.   The Petition for Writ of Habeas Corpus is DENIED; and

3.   The Clerk of the Court is DIRECTED to enter judgment in favor of Respondent.

IT IS SO ORDERED.

**Dated:   August 22, 2005**               /s/ Anthony W. Ishii
0m8i78                                    UNITED STATES DISTRICT JUDGE